UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSETTE NORRIS,<br><br>        Plaintiff,<br><br>       v.<br><br>ANDREW SAUL,<br><br>        Defendant. | Case No. 19-cv-03303-EMC<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES**<br><br>Docket No. 28 |

Currently pending before the Court is Plaintiff's counsel's motion for attorney's fees. Having reviewed the papers submitted, and all other evidence of record, the Court hereby **GRANTS** the motion.

Plaintiff initiated her lawsuit in June 2019. In October 2019, she filed a motion for summary judgment, arguing that the ALJ erred in denying her disability benefits under the Social Security Act. In December 2019, the parties stipulated to voluntary remand pursuant to sentence six of 42 U.S.C. § 405(g).

On remand, an ALJ found Plaintiff disabled. Past due benefits totaled $42,235. The Social Security Administration withheld $10,558.75 from the past due benefits for payment of attorney's fees. This amount was 25% of the past due benefits.

Subsequently, the ALJ awarded Plaintiff's counsel $5,394 in fees for work done at the administrative level. Counsel now seeks the balance – $5,164.75 – for work done in this litigation. Plaintiff and her counsel had a contingent fee agreement under which she agreed to pay counsel up to 25% of her past due benefits.

Counsel's fee request is made pursuant to 42 U.S.C. § 406(b)(1)(A) (providing that a

1  "court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment"). The Court has considered the reasonableness of the requested fee in light of *Gisbrecht v. Barnhart,* 535 U.S.C. 789, 807 (2002) (holding that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court"; although Congress has stated that agreements providing for fees in excess of 25% of the past-due benefits are not enforceable, within the 25% boundary, a court must assess whether the fees sought are reasonable for the services rendered), and *Crawford v. Astrue*, 586 F.3d 1142, 1149-50 (9th Cir. 2009) (noting that a court must "begin . . . with the fee agreement" and then determine "whether the amount need be reduced, not whether the loadstar [sic] amount should be enhanced"; faulting the lower court for resting on lodestar calculations and rejecting the primacy of lawful attorney-client fee agreements). Here, counsel does not seek more than 25% of the past-due benefits. The contingent fee agreement between Plaintiff and her counsel provides for fees up to 25% of past-due benefits. There does not appear to be a basis to adjust fees downward – *e.g.*, because of substandard representation, improper delay of the case, or a windfall. *See id.* at 1151.

The Court also considers the lodestar calculation "but *only as an aid* in assessing the reasonableness of the fee." *Id.* (emphasis in original). If the Court were to award the fee request in full ($5,164.75), counsel's de facto hourly rate would be approximately $157. Even if the Court were to discount the hours claimed by counsel by about 25% (*e.g.*, because the hours claimed are excessive or represent administrative tasks), the de facto hourly rate would be about $207 (*i.e.*, $5,164.75/25 hours). Such a rate would still be reasonable given the work performed and the success achieved.

///
///
///
///
///

Taking into account all of the above, the Court grants the fee request in full.  Counsel is awarded $5,164.75 in fees pursuant to § 406(b).

This order disposes of Docket No. 28.

**IT IS SO ORDERED**.

Dated: May 2, 2022

_____
EDWARD M. CHEN
United States District Judge